# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

---

### BANKRUPTCY APPEAL
### CIVIL ACTION NO. 06-11780-GAO

---

### ARTHUR W. WHITMAN
### Debtor

---

# BRIEF OF APPELLANT PATRICIA L. WHITMAN

### October 13, 2006

Patricia L. Whitman,
By her attorneys,

/s/ Jeffrey J. Cymrot
Jeffrey J. Cymrot (BBO# 555925)
84 State Street, 8th Floor
Sassoon & Cymrot LLP
Boston, Massachusetts 02109
617.720.0099

## Table of Contents

**Page**

Table of Authorities.................................................................... iii, iv

Table of Statutes....................................................................... iv

Jurisdiction.............................................................................. 1

Question Presented.................................................................... 1

Procedural History and Summary of Facts ....................................... 1-3

Standard of Law of Reviewing Court.............................................. 3

Argument

   I.  Congress Has Not Expressly Preempted State Law on the Issue of a § 363(h) Sale of Entireties Property and Distribution of Proceeds Pursuant to § 363(h).............. 4

  II.  Congress Has Not Impliedly Preempted State Law on the Issue of a § 363(h) Sale of Entireties Property and Distribution of Proceeds Pursuant to § 363(j)............... 5

      i.    The Federal Statutory Scheme Does Not Manifest Congress's Clear Intention to Occupy the Field with Respect to Sale and Distribution of Entireties Property ......................................................... 5

     ii.   The Federal Statutory Scheme Does Not Directly Conflict with Massachusetts Law Governing Entireties Property .......................... 6

Conclusion ............................................................................. 9

## Table of Authorities       <u>Page</u>

Matter of Albrecht, 136 N.Y. 91, 32 N.E. 632 (1892)............................................ 7

Beal Bank v. Almand and Assoc., 780 So.2d 45, 52 (2001).................................... 7

Bessette v. AVCO Financial Services, Inc., 230 F.3d 439 (1st Cir.2000).................... 5

Butner v. United States, 440 U.S. 48 (1979)........................................................ 8

Catt v. Catt, 866 S.W.2d 570, 573 (Tenn.App.1993)........................................... 7

In re Colarusso, 382 F.3d 51 (1st Cir.2000)........................................................ 8

Coraccio v. Lowell Five Cents Savings Bank, 415 Mass. 145................................ 6, 7

Florida Lime & Avocado Growing, Inc. v. Paul, 373 U.S. 132 (1963).................... 4

Greenwood Trust Company v. Commonwealth of Massachusetts,
971 F.2d 818 (1st Cir.1992) ........................................................................ 4

Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir.1994)...................... 3

Herman v. Hector I. Nieves Transp., Inc. 244 F.3d 32......................................... 6

Howison v. Hidler, 192 B.R. 790 (Bankr.D.Me. 1996)........................................ 5

Jones v. Rath Packing Co., 430 U.S. 519 (1977)................................................. 4

Phelps v. Simons, 192 N.E.2d 20 (1893)........................................................... 7

Regnante v. Baldassare, 15 Mass.App.Ct. 718, rev. den. 389 Mass. 1104
(1983)........................................................................................................ 7, 8

Ronan v. Ronan, 339 Mass. 460 (1959)............................................................ 8

Roumeliotis v. Popa, 214 B.R. 416 (B.A.P. 1st Cir. 1997)................................... 3

Salem v. Coombs, 86 B.R. 314 (Bankr.D.Mass. 1988)........................................ 8

Schoon v. Van Diest Supply Co., 511 N.E.2d 12, 13 (Ind.App.3 Dist.1987)............. 7

Smith v. Tipping, 349 Mass. 590 (1965)............................................................ 8

Sweeney, Cohn, Stahl & Vaccaro v. Kane, 6 A.D.3d 72, 773 N.Y.S.2d 420, 2 Dept.,
(2004).......................................................................................................... 7

Washington Legal Found. v. Massachusetts Bar Found., 994 F.2d 962, 971 (1st Cir.1993)
………………………………………………………………………………….. 3

Weinstein v. Patriot Portfolio, LLC, 164 F.3d 677 (1999)…………………………… 6

**Table of Statutes**                                    **Page**

Mass. Gen Laws, ch 209, Section 1…………………………………….. 1, 7, 8

11 U.S.C. Section 158(c)(1) ……………………………………………... 1

11 U.S.C. Section 363(h) …………………………………………… 1, 3-6, 8-9

11 U.S.C. Section 363(j) …………………………………………… 1, 3-6, 8-9

12 U.S.C. Section 1831(a)………………………………………………… 4

## Jurisdiction

Jurisdiction lies in the District Court pursuant to 11 U.S.C. §158(c)(1).

## Question Presented

Whether 11 U.S.C. §363(h)[1] and §363(j)[2], which authorize the Appellee to sell co-owned property and distribute the proceeds of the sale to creditors and co-owners, respectively, preempt Massachusetts law M.G.L. ch. 209, §1[3] with respect to entireties.

## Procedural History

This is an appeal of a motion to dismiss the complaint in adversary proceeding number 06-01250. The Bankruptcy Court heard argument and denied the motion on August 18, 2006. Appellant filed notice of an appeal and a motion for leave to file an appeal of the court's interlocutory order on August 28, 2006. The Bankruptcy Court transmitted the motion for leave

---

[1] 11 U.S.C. § 363(h) of the Bankruptcy Code states
 . . .   [T]he trustee may sell both the estate's interest . . . and the interest of any co-owner in the property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant or tenant by the entirety, only if—
  (1)   partition in kind of such property among the estate and such co-owners is impracticable;
  (2)   sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
  (3)   the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
  (4)   such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

[2] 11 U.S.C. §363(j) states
  After a sale of property to which subsection . . . (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

[3]   At the commencement of the case, M.G.L. ch. 209, §1 states
  The real and personal property of any person shall, upon marriage, remain the separate property of such person, and a married person may receive, receipt for, hold, manage and dispose of property, real and personal, in the same manner as if such person were sole. A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety . . .

1

to appeal to the District Court on September 13, 2006, which issued a briefing order on October 2, 2006.

## Summary of Facts

Construing the allegations in the light most favorable to the chapter 7 trustee, Appellee, here follows a summary of the facts alleged by the Appellant:

1.     The debtor and Appellant, Patricia L. Whitman, acquired their marital residence ("Marital Residence"), located at 55 Pierce Street, Rochester, Massachusetts 02770, as tenants by the entirety on August 30, 1999.

2.     The debtor commenced his chapter 7 case on December 12, 2001.

3.     At the time the debtor commenced his case the Marital Residence had a value of approximately $350,000.

4.     At the time the debtor commenced his case, he and Appellant had given a mortgage lien in favor of First Nationwide Mortgage or its successor in the amount of approximately $166,000.  No additional mortgage or lien encumbered the Marital Residence.

5.     The debtor claimed a federal exemption in the Marital Residence in the amount of $15,000.

6.     With Appellant's consent, sale of the property by the Appellee, payment of the mortgage, and payment of the debtor's federal exemption should net the estate approximately $77,000.[4]

---

[4] If sale of the Marital Residence yields $350,000, payment of the mortgage should produce net equity of approximately $184,000; dividing the net equity in half and then subtracting  the federal exemption results in $77,000 as the estimated value of equity in the Marital Residence unprotected by the federal exemption.  It appears that Appellee has followed this logic in his complaint to estimate the value of equity unprotected by the debtor's right of exemption.

7.     Pursuant to 11 U.S.C. §363(h), the Appellee's complaint asks the court for permission to sell the Marital Residence, with or without Appellant's consent, and pay the mortgage.

8.     Pursuant to 11 U.S.C. §363(j), Appellee asks for permission divide the net proceeds of sale and pay Appellant one-half of the net proceeds.  According to his complaint, Appellee then intends to pay the debtor's federal exemption out of the estate's interest in the proceeds of sale and distribute the estate's net proceeds to creditors.

9.     Appellant declines to give her consent to Appellee's proposed sale and distribution scheme.

### Standard of Law of Reviewing Court

The district court reviews an order denying a motion to dismiss by "accept[ing] all well-plead facts as true and draw[ing] all reasonable inferences in favor of the appellants." *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993). Conclusions of law are subject to de novo review.  *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir.1994).  Further,

> [t]he trial court's decision on such a motion will be overturned only if the appellant establishes that the court committed a clear abuse of discretion.  An abuse of discretion occurs when a relevant factor deserving of significant weight is overlooked, or when an improper factor is accorded significant weight, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales.

*Roumeliotis v. Popa*, 214 B.R. 416, 418 (B.A.P. 1st Cir.1997) (internal quotations and citations omitted).

**Argument**

I.     **Congress Has Not Expressly Preempted State Law on the Issue of a §363(h) Sale of Entireties Property and Distribution of Proceeds Pursuant to §363(j).**

The Appellee asserts that federal law obligates a trustee, if authorized to sell entireties property pursuant to 11 U.S.C. §363(h), to distribute the proceeds of sale pursuant to 11 U.S.C. §363(j) notwithstanding Massachusetts law governing entireties property. Appellee, therefore, argues that federal law in this instance preempts state law.

The doctrine of preemption, according to the First Circuit Court of Appeals, appears in two forms: express and implied. *Greenwood Trust Company v. Commonwealth of Massachusetts*, 971 F.2d 818, 822-823 (1st Cir.1992). "Express preemption occurs when Congress has 'unmistakably . . . ordained' that its enactments alone are to regulate a [subject, and] state law regulating that [subject] must fall." *Id.* at 822, quoting, *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977) (quoting *Florida Lime & Avocado Growing, Inc. , Inc. v. Paul,* 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963)). In *Greenwood*, the court held that the statutory language of section 521 of the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"), Pub.L. No 96-221, 94 Stat. 132 (1980) contained express preemption language.[5] *Greenwood Trust v. Comm. of Mass.,* 971 F.2d at 823 (rejecting assertion of implied preemption). Nowhere in 11

---

[5] The DIDA provision at issue, contained at 12 U.S.C. §1831(a) (1988 & Supp.1990), stated:

> In order to prevent discrimination against State-chartered insured depository institutions, including insured savings banks . . . with respect to interest rates, . . . such State bank[s] . . . may **notwithstanding any State constitution or statue, which is hereby preempted for the purposes of this section,** take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at a rate of not more than 1 per centum in excess of the discount rate on nine-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where such State Bank . . is located or at the rate allowed by the laws of the State, territory, or district where the bank is located, whichever may be greater. [emphasis supplied]

U.S.C. §363 has Congress chosen to insert unmistakable language of the type the court found in *Greenwood*. Express preemption does not apply in the instant case.

**II.     Congress Has Not Impliedly Preempted State Law on the Issue of a §363(h) Sale of Entireties Property and Distribution of Proceeds Pursuant to §363(j).**

Where no explicit statutory language preempts state law, courts in the First Circuit find implied preemption in one of two circumstances: "(1) where the federal statutory scheme is so pervasive that Congress clearly intended to 'occupy the field' to the exclusion of state law, or (2) where a particular state law is in direct conflict with the federal law to an extent that the statutes cannot coexist." *Bessette v. AVCO Financial Services, Inc.,* 230 F.3d 439, 447 (1st Cir.2000).

The right of a trustee to sell jointly held property pursuant to 11 U.S.C. 363(h) over the objection of a non-debtor and co-owner spouse is well recognized. *Howison v. Hidler (In re Hidler)*, 192 B.R. 790, 795 (Bankr.D.Me. 1996). The obligation of the trustee to distribute the proceeds of such a sale to creditors, pursuant to 11 U.S.C. § 363(j), has not been tested when it comes to entireties property.

*i. The Federal Statutory Scheme Does Not Manifest Congress's Clear Intention to Occupy the Field with Respect to Sale and Distribution of Entireties Property.*

The legislative history contains no discussion of Congress's intent with respect to sale and distribution of entireties property pursuant to section 363 of the Bankruptcy Code.[6] If Congress had wanted to manifest its intention in a clear and unambiguous manner, it could have done so.

---

[6] The undersigned has reviewed the legislative history of § 363 contained in Bankruptcy Code (2006) (Collier Pamphlet Edition) at pp. 359-366 and can find no discussion of Congress's intent to preempt Massachusetts law of tenancy by the entirety when it comes to § 363(h) sales or § 363(j) distributions.

5

Moreover, the statutory scheme manifests concern with different forms of co-ownership. The law identifies three types co-ownership in §363(h): tenancy in common, joint tenant, and tenancy by the entirety. It distinguishes between non-debtor spouses who hold interests in entireties property and co-owners in §363(j). If Congress had intended the law to treat all forms of co-ownership alike with respect to §363(h) and (j), it could have encompassed tenancies in common, joint tenancies, and tenancies by the entirety within a single term such as co-owned property. Appellant's interpretation of his rights ignores the wording of the law, which violates a canon of statutory construction. *Herman v. Hector I. Nieves Transp., Inc.,* 244 F.3d 32, 36 (1st Cir.2001) ("A primary canon of statutory construction is that a statute should be construed so as not to render any of its phrases superfluous.") (citation omitted). Appellant's argument would make superfluous the distinctions among forms of co-ownership and, in particular, the explicit reference in both §363(h) and (j) to tenancies by the entirety.

By distinguishing among different forms of co-ownership and remaining otherwise silent on the question of the treatment of entireties property, Congress has not produced a pervasive statutory scheme manifesting an intent to preempt both §363(h) sales and §363(j) distributions for entireties property co-owned with a non-debtor. Implied preemption does not apply.

### ii. The Federal Statutory Scheme Does Not Directly Conflict with Massachusetts Law Governing Entireties Property.

The second basis for asserting implied exemption consists of demonstrating a direct conflict between state and federal law such that the two cannot co-exist. *Weinstein v. Patriot Portfolio, LLC (In re Weinstein),* 164 F.3d 677, 681 (1999). State law governing entireties property and federal law governing sale of co-owned property do not stand in direct conflict

since §363(j) does not compel a trustee to make an immediate distribution.  The federal statutory scheme does not compel an immediate distribution, either.

Entireties property in Massachusetts is characterized by an indestructible right of survivorship.  *Coraccio v. Lowell Five Cents Savings Bank*, 415 Mass. 145, 151, 612 N.E.2d 650, 654 (1993).  When the debtor and Appellant took title to the Marital Residence in 1999 they acquired it in a statutory or post-1981 tenancy by the entirety.  In Massachusetts statutory tenancies by the entirety are governed by M.G.L. ch. 209, §1.  The statutory tenancy by the entirety, in contrast to entireties interests in common law,

> . . . did not, however, alter the characteristics of the estate itself. Merely because each spouse is 'equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety,' it does not follow that each has an equal one-half interest in the property. On the contrary, a tenancy by the entirety remains a unitary title, and the statute simply guarantees each spouse an equal right to the whole. Whatever the husband could do at common law, the wife now may do as well. Each spouse continues to have an indestructible right of survivorship, and the estate remains inseverable and not subject to voluntary partition . . .

*Id.* (emphasis in original) (either spouse may convey or encumber his or her interest in property held as tenants by the entirety).

Massachusetts recognizes that entireties may exist in personalty. M.G.L. 209, §1; *Regnante v. Baldassar*e, 15 Mass.App.Ct. 718, 448 N.E. 2d 775, review denied, 389 Mass. 1104, 451 N.E.2d 1167 (1983); *Phelps v. Simons*, 159 Mass. 415, 192 N.E.2d 20 (1893) (bequest in will to husband and wife created an entireties interest in shares of stock). [7]  Upon sale of

---

[7] Not all states recognize that entireties exist in personalty.  Compare, for example, *Beal Bank v. Almand and Assoc.*, 780 So.2d 45, 52 (2001) (Florida extends a presumption of tenancy by the entireties ownership to financial accounts, a type of personal property, held by married couples where the property possesses the requisite unities of possession, interest, title, time, survivorship, and marriage) and  *Catt v. Catt*, 866 S.W.2d 570, 573 (Tenn.App. 1993) (recognizing the existence of entireties property in Tennessee) with  *Sweeney, Cohn, Stahl & Vaccaro v. Kane*, 6 A.D.3d 72, 773 N.Y.S.2d 420, N.Y.A.D. 2 Dept., (2004), citing, *Matter of Albrecht*, 136 N.Y. 91, 32 N.E. 632 (1892) (New York does not) and *Schoon v. Van Diest Supply Co.*, 511 N.E.2d 12, 13 (Ind.App.3 Dist. 1987) (Indiana does not, except in the case of property derived directly from real estate held by the entirety, such as crops on the land or proceeds arising from the sale of land held by the entirety).

Massachusetts real estate held in by the entireties, all incidents of the tenancy, including the indefeasibility of the wife's survivorship rights, pass to the proceeds and such proceeds become personal property held by the entirety. *Smith v. Tipping*, 349 Mass. 590, 211 N.E.2d 231 (1965). See also *Regnante v. Baldassar*e, 15 Mass.App.Ct.718, 448 N.E.2d 775 (1983) (insurance proceeds) and *Ronan v. Ronan*, 339 Mass. 460, 159 N.E.2d 653 (1959) (proceeds of eminent domain); *Salem v. Coombs (In re Coombs)*, 86 B.R. 314, 316-17 (Bankr.D.Mass. 1988).

Appellant's claim of implied preemption has two flaws. First, Massachusetts state law governing entireties and federal law cannot stand in direct conflict when §363 contains no language obligating a trustee to make an immediate distribution of proceeds and when nothing in §363 prevents a trustee from waiting until severance of the unitary interest in proceeds.[8] Severance of an entireties interest must occur in time upon death of a spouse or divorce. There is no necessary reason, therefore, to conclude that a §363(h) sale of the Marital Residence will trigger the §363(j) obligation to distribute proceeds of a sale notwithstanding the debtor's marriage to Appellant. The end of the marriage triggers the obligation, assuming that the debtor survives.

Second, Appellant's claim of implied exemption substitutes his vision of what happens to entireties property following a §363(h) sale for Congress's direction. The debtor's interest in the Marital Residence is defined by Massachusetts law. *In re Colarusso*, 382 F.3d 51, 58 (1st Cir.2000), citing, *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Appellant's interest in the Marital Residence derives from the same source. M.G.L. ch. 209, §1. After relying on Massachusetts law to establish the debtor's rights in the Marital Residence,

---

[8] If the law requires a trustee to wait until severance of the entireties interest before distributing the proceeds of a §363(h) sale, the delay will diminish the benefit of the sale to the estate. See §363(h)(3). Nothing in the statute, however, conflicts with the need for a trustee to wait until the estate's rights to proceeds of a §363(h) sale ripen.

Appellee asserts that sale of the Marital Residence pursuant to §363(h) negates Appellant's co-equal property rights in the proceeds of sale, in particular her right of survivorship, leaving her with only a claim to proceeds, which Appellee has an obligation to distribute proceeds pursuant to §363(j).

Appellant's claim of implied preemption has merit with respect to certain attributes of Appellee's rights to the Marital Property.  A §363(h) sale of the Marital Residence must sever Appellant's equal entitlement to rents, products, or income arising from the Marital Residence and Appellant's entitlement to assert equal control and possession over of the Marital Residence since in these instances federal law conflicts with state law such that the two statutory schemes cannot co-exist.  The issue in this appeal, however, centers on Appellee's rights to the proceeds of sale.  Appellee seeks to use the doctrine of preemption as a substitute for statutory or Congressional guidance, but with no direct conflict between the statutory schemes state law must prevail.

Because the federal statutory scheme does not require Appellee to distribute the proceeds of a §363(h) sale of entireties property during the marriage, Appellee cannot demonstrate direct conflict between state and federal law.  Implied preemption does not apply.

## Conclusion

For the reasons set forth herein, Appellant asks this court to find that the Bankruptcy Court abused its discretion when it denied the motion to dismiss the complaint in the adversary proceeding.

Respectfully submitted,
Patricia L. Whitman
By her attorneys,

Dated: October 13, 2006

/s/ Jeffrey J. Cymrot
Jeffrey J. Cymrot (BBO# 555925)
84 State Street, 8th Floor
Sassoon & Cymrot LLP
Boston, Massachusetts 02109
617.720.0099

Appellant's Brief (10-04-06)

10