UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 06-11780-GAO

PATRICIA L. WHITMAN,
Appellant

v.

DONALD R. LASSMAN,
Appellee

ORDER
August 1, 2007

O'TOOLE, D.J.

This is an appeal from an order by a bankruptcy judge denying a motion to dismiss an adversary proceeding.

Donald R. Lassman, trustee of the Chapter 7 estate of debtor Arthur W. Whitman, commenced an adversary proceeding against Patricia L. Whitman, the debtor's spouse and the appellant here, seeking an order, pursuant to 11 U.S.C. § 363(h) and 363(j), authorizing him to sell and distribute the proceeds of the couple's home, which they owned as tenants by the entirety. In the bankruptcy court, the appellant moved to dismiss the adversary proceeding on the ground that the trustee could not, under Massachusetts property law, distribute the proceeds of the sale of property held in a statutory tenancy by the entirety without her consent, except in the limited situations permitted by Massachusetts law. The bankruptcy judge denied the motion to dismiss, and Patricia Whitman brought this appeal.[1]

---

[1] A motion by the trustee to dismiss the appeal as interlocutory (dkt. no. 5) was denied by this Court, and leave was granted for the appeal.

Massachusetts law offers the following protection to a non-debtor spouse with respect to property held by spouses as tenants by the entirety:

> The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family.

Mass. Gen. Laws ch. 209, §1. However, § 363(h) of the Bankruptcy Code provides that a "trustee may sell . . . the interest of any co-owner in property in which the debtor had . . . an undivided interest as . . . tenant by the entirety." In the case of such a direct conflict between the state and federal statutes, the federal statute preempts that state provision, permitting the sale of property held by the entirety. See Greenwood Trust Co. v. Commonwealth of Massachusetts, 971 F.2d 818, 822-23 (1st Cir. 1992) (outlining the principles of "implied" preemption); see also Tart v. Commonwealth of Massachusetts, 949 F.2d 490, 500 (1st Cir. 1991) (summarizing preemption doctrine). Thus, § 363(h), which expressly authorizes the sale of property held by the entirety, trumps the state statute that would forbid such a sale.

The appellant concedes as much but argues, based on her interpretation of § 363(j), that while the trustee may liquidate tenancy by the entirety real estate under the authority of § 363(h), the proceeds of the sale may not be divided and distributed until the tenancy has terminated in due course in accordance with Massachusetts law. Section 363(j) provides:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

2

11 U.S.C. § 363(j). The appellant contends that because § 363(j) does not explicitly provide for *when* the distribution of proceeds of an entirety interest must occur, there is not direct conflict between federal and state law as to the timing of distribution, and therefore the state rule that keeps the proceeds indivisible until termination of the tenancy is not preempted. See Coraccio v. Lowell Five Cents Sav. Bank, 612 N.E.2d 650, 654 (Mass. 1993); Regnante v. Baldassare, 448 N.E.2d 775 (Mass. App. Ct. 1983).

The argument is imaginative but unconvincing. It is plain that § 363(j) is intended to work as the second part of a two-step process of marshaling and distributing the debtor's assets.  Section 363(h) authorizes the trustee to sell property held by a debtor with his spouse as tenants by the entirety, and § 363(j) authorizes him then to distribute the proceeds of that sale, as the interests of the parties may appear.  The appellant acknowledges, as she must, that the trustee is obliged to distribute the proceeds of a § 363(h) sale; § 363(j) says that the trustee "shall distribute" them. Nevertheless, her proposed construction of § 363(j) would require, in some instances, the trustee to hold such proceeds for years before the tenancy would terminate in accordance with state property law.  As a practical matter, that would present an enormous interference with the administration of any affected estate.  As a substantive legal matter, it would be counter to the requirement of the Bankruptcy Code that estates be administered as expeditiously as possible.  See 11 U.S.C. § 704(a)(1) (providing that a trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest" ).

The more sensible understanding of § 363(j) is that it requires the prompt distribution of proceeds of property sold by the trustee pursuant to § 363(h).  <u>See</u> <u>In re Flynn</u>, 418 F.3d 1005, 1008 (9th Cir. 2005); <u>Matter of Hunter</u>, 970 F.2d 299, 303 (7th Cir. 1992).  To the extent that Massachusetts law would interfere with prompt distribution, it is preempted.

The bankruptcy judge properly denied the motion to dismiss the adversary proceeding, and his ruling in that respect is AFFIRMED.

It is SO ORDERED.

     August 1, 2007                             /s/ George A. O'Toole, Jr.
DATE                                            DISTRICT JUDGE